KATHRYN G. TREACY, Appellant, v. F. W. WOOLWORTH Co., Respondent.— The plaintiff in this action to recover damages for personal injuries claims that the injuries were suffered when certain celluloid water-waving combs caught fire or exploded in her hair as she was in the process of drying it by means of an electric lamp. She alleged two causes of action: one on implied warranty under the claim that twelve combs were purchased of the defendant by her daughter, acting as plaintiff's agent, in November, 1932; the second on the ground of negligence. The verdict was for defendant. The trial was not entirely orderly, owing to the highly technical attitude of defendant's counsel by means of which the issues were confused. It appeared that plaintiff or members of her family had purchased similar combs from 1928 to 1932. That fact, in conflict with the plaintiff's original claim, affected her credibility; and if the combs actually used were, even in part, purchased elsewhere, or of defendant by a member of the family, it might have destroyed the cause of action on implied warranty. Not, however, in the cause for negligence if it appeared that the combs were purchased of defendant at whatever date and if there were amendment of the complaint to conform to the proof. Evidence which might have shown that the purchase of these combs or some of them was made of defendant earlier than 1932 was improperly excluded. Other competent evidence was excluded on the objection of defendant. These errors may not occur on a new trial. The more serious errors occurred in the charge. The court became confused as to the distinction between the two causes of action and charged in effect that on neither cause of action could the plaintiff recover if the combs were purchased by her of defendant earlier than 1932 (to which there was no exception), and that there was no duty of defendant to inspect and no liability if " inflammable combs crept in a shipment and were placed on sale without the knowledge of the defendant " (to which there was exception). Judgment and order reversed on the law and the facts and a new trial granted, with costs to appellant to abide

the event. Davis, Johnston and Taylor, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm, with the following memorandum: On direct examination, plaintiff testified in detail as to the manner of the purchase of the combs on a specified Saturday in November, 1932, in accordance with allegations of her complaint. On cross-examination she was confronted with her bills of particulars and an affidavit in which she averred that the combs had been purchased at various times and in various amounts from 1928 to 1932, and, so taxed, admitted that such averments were true. No effort was made to cure this vital inconsistency. Plaintiff could not ask the jury to believe that which she herself had denied nor offer two contradictory versions and invite the jury to make a choice. Both must be rejected as a matter of law. In this view of the case, the errors in the charge are immaterial.